UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Tracy Bower Christiansen, ) | Case No. 1:16 CV 3078 |
| ) | |
| Plaintiffs, ) | Judge Dan Aaron Polster |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| Barack Obama, President of the United States, ) | AND ORDER |
| et al., ) | |
| ) | |
| Defendants. ) | |

*Pro se* plaintiff Tracy Bower Christiansen brings this action against President Barack Obama and the following defendants: Loretta Lynch, United States Attorney General; Jeh Johnson, Secretary of the Department of Homeland Security; Joseph Clancy, Director of the United States Secret Service; Robert Mueller, former FBI Director; Tony Campo, Sheffield Lake, Ohio Chief of Police; Alasdair James, CEO, K-Mart; and Mark Fields, President, Ford Motor Company. Plaintiff's complaint indicates he believes agents of Homeland Security and the United States Justice Department, in conspiracy with defendants - and with President Obama's approval - have monitored him via electronic devices and followed him physically, drugged him at home and at work, altered his medications, tampered with his food and water, and interfered with and manipulated his financial transactions. He asserts violation of his First and Fifth Amendment rights and the Racketeer Influenced and Corrupt Organizations Act, and intentional infliction of emotional distress.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim. *See, e.g., Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Indeed, it is readily apparent that plaintiff's factual allegations are so implausible as to be frivolous. *See, Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ..."). This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

                                                s/Dan Aaron Polster
                                                DAN AARON POLSTER
                                                UNITED STATES DISTRICT JUDGE